**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF OREGON**

**CHARLES BARKER III,**

**Plaintiff,**

**v.**

**JANTZEN BEACH VILLAGE CONDOMINIUM ASSOCIATION; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS (MERS); UNITED STATES NATIONAL BANK; FIDELITY NATIONAL TITLE; REGIONAL TRUSTEE SERVICES, INC.; SAXON MORTGAGE SERVICES, INC.; and MORGAN STANLEY MORTGAGE LOAN TRUST 2007- 15AR,**

**Defendants.**

**3:12-CV-01828-BR**

**OPINION AND ORDER**

**CHARLES BARKER, III**
10350 N. Vancouver Way, #274
Portland, OR 97217
(503) 847-6360

Plaintiff, *Pro Se*

**STUART K. COHEN**

Landye Bennett Blumstein LLP
1300 S.W. Fifth Avenue
Suite 3500
Portland, OR 97201
(503) 224-4100

Attorneys for Defendant Jantzen Beach Village Condominium Association

**DAVID J. ELKANICH**
Hinshaw & Culbertson, LLP
1000 S.W. Broadway
Suite 1250
Portland, OR 97205-3078
(503) 243-3243

Attorneys for Defendants MERS; Saxon Mortgage Services, Inc.; Morgan Stanley Mortgage Loan Trust 2007-15AR; and United States National Bank

**DANIEL A. WOMAC**
The Law Division of Fidelity National Title Group
1200 Sixth Avenue
Suite 620
Seattle, WA 98101
(206) 224-6004

Attorneys for Defendant Fidelity National Title

**CRAIG A. PETERSON**
**LISA M. MCMAHON-MYHRAN**
Robinson Tait, P.S.
710 Second Avenue, Suite 710
Seattle, WA 98104
(206) 676-9640

Attorneys for Defendant Regional Trustee Services Corporation

**BROWN, Judge.**

This matter comes before the Court on Defendant Fidelity National Title's Motion (#21) to Dismiss Under FRCP 12(b)(1) and 12(b)(6). For the reasons that follow, the Court **GRANTS**

Defendant's Motion.

## BACKGROUND

The following facts are taken from Plaintiff's Complaint and exhibits attached to Plaintiff's Complaint, exhibits attached to the Notice of Removal, and materials filed by Fidelity in support of its Motion to Dismiss.

On May 24, 2007, Brian Wassman, who is not a party to this action, entered into a Trust Deed as to property located at 11930 North Jantzen Beach Avenue, Unit #5, Portland, Oregon, with Wassman as grantor, Fidelity as Trustee, and Defendant MERS as nominee and beneficiary.

On June 2, 2009, Defendant Regional Trustee Services Corporation was appointed as successor Trustee and Fidelity ceased to be Trustee. Regional Trustee Services recorded the Appointment of Successor Trustee in Multnomah County on June 2, 2009, and, as Trustee, filed a Notice of Default and Election to Sell the property in Multnomah County.

On August 26, 2009, Defendant Jantzen Beach Village Condominium Association "claim[ed]" a lien on the property. The record does not reflect when the lien was recorded.

At some point Wassman defaulted on his mortgage and the property entered foreclosure.

On November 12, 2009, a Trustee Deed was filed in Multnomah

County reflecting Regional Trustee Services had conducted a foreclosure sale of the property and Defendant United States National Bank, "as Trustee for [Defendant] Morgan Stanley Mortgage Loan Trust 2007-15AR," bought the property.

On February 2, 2010, U.S. National Bank "grant[ed], bargain[ed], [sold], warrant[ed], and convey[ed]" the property by Special Warranty Deed to Woodstock Financial Corporation, which is not a party to this action. On March 8, 2010, Woodstock Financial Corporation recorded its Special Warranty Deed in Multnomah County and also purchased an Owner's Policy of Title Insurance from Defendant Fidelity related to the property.

At some point Woodstock Financial transferred the property to Zuma Enterprises, LLC, which also is not a party to this action. The record does not reflect whether this transfer was recorded.

On May 15, 2012, Plaintiff and Zuma Enterprises filed an action in Multnomah County Circuit Court[1] against Defendant Jantzen Beach Village Association seeking declaratory relief, a preliminary and permanent injunction, and damages for various alleged violations of Oregon law related to the 2009 lien it placed against the property. The state-court complaint alleged "all prospective lenders have declined to proceed with refinance

---

[1] The complaint alleged "plaintiff is the owner" of the property, but it did not identify which of the plaintiffs is the owner and did not set out the plaintiffs' relationship, if any.

of the existing loan balance . . . until the lien which was recorded by Defendant has been removed from cloud to the title of the [property]." Notice of Removal, Ex. 2 at 6.

On August 21, 2012, Multnomah County Circuit Court Judge Stephen Bushong held a hearing on Jantzen Beach Village Condominium Association's motion to strike the state-court complaint. Plaintiff appeared *pro se*, and Zuma Enterprises was "unrepresented at the hearing." On August 30, 2012, Zuma Enterprises transferred the property to Plaintiff Charles Barker III by Bargain and Sale Deed, and Plaintiff recorded the transfer in Multnomah County.

On September 4, 2012, Judge Bushong granted Jantzen Beach Village Condominium Association's motion to strike the state-court complaint; granted Plaintiff until September 14, 2012, to file an amended complaint; and noted Zuma Enterprises must retain legal counsel to prosecute its claims if it "desires to participate in the proceeding."

On September 22, 2012, Plaintiff filed an amended complaint in state court[2] against Jantzen Beach Village Condominium Association; MERS; United States National Bank; Fidelity; Regional Trustee Services; Saxon Mortgage Services, Inc.; and Morgan Stanley Mortgage Loan Trust 2007-15AR alleging claims for

[2] Zuma Enterprises was not named as a plaintiff in the amended complaint.

(1) violation of Oregon Revised Statutes §§ 86.010-86.795; (2) common-law fraud; (3) fraud; (4) violation of unspecified provisions of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692, *et seq.*; (5) violation of the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. § 1961-1968; (6) conversion; (7) "contravention of reasonable public policy"; (8) violation of Oregon Revised Statutes §§ 100.450, 100.480, and 94.670; and (9) tortious interference.

On October 12, 2012, Defendants timely removed the matter to this Court on the basis of federal-question jurisdiction.

On October 29, 2012, Fidelity filed a Motion to Dismiss Plaintiff's claims against it on the grounds that this Court lacks jurisdiction and Plaintiff fails to state a claim.

After the Court took Fidelity's Motion to Dismiss under advisement on November 29, 2012, the Court entered an Order on January 18, 2013, noting Plaintiff had reached a settlement with Jantzen Beach Village Condominium Association. The Court directed Jantzen Beach Village Condominium Association to file a stipulation no later than January 31, 2013, confirming settlement of Plaintiff's claims against the Association.

## STANDARDS

### I. Dismissal for lack of jurisdiction pursuant to Rule 12(b)(1)

Plaintiff has the burden to establish that the court has

subject-matter jurisdiction. *Ass'n of Am. Med. Coll. v. United States*, 217 F.3d 770 (9th Cir. 2000).

When deciding a motion to dismiss for lack of subject-matter jurisdiction under Rule 12(b)(1), the court may consider affidavits and other evidence supporting or attacking the complaint's jurisdictional allegations. *Autery v. U.S.*, 424 F.3d 944, 956 (9th Cir. 2005). The court may permit discovery to determine whether it has jurisdiction. *Laub v. United States Dept. of Interior*, 342 F.3d 1080, 1093 (9th Cir. 2003). When the court "receives only written submissions, the plaintiff need only make a *prima facie* showing of jurisdiction." *Rio Props., Inc. v. Rio Int'l Interlink,* 284 F.3d 1007, 1019 (9th Cir. 2002).

**II. Dismissal for failure to state a claim pursuant to Rule 12(b)(6)**

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." [*Bell Atlantic v. Twombly*, 550 U.S. 554,] 570, 127 S. Ct. 1955. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* at 556. . . . The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Ibid*. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id*. at 557, 127 S. Ct. 1955 (brackets omitted).

*Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). *See also Bell*

*Atlantic*, 550 U.S. at 555-56. The court must accept as true the allegations in the complaint and construe them in favor of the plaintiff. *Intri-Plex Tech., Inc. v. Crest Group, Inc.*, 499 F.3d 1048, 1050 n.2 (9th Cir. 2007).

"In ruling on a 12(b)(6) motion, a court may generally consider only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice." *Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007)(citing *Jacobson v. Schwarzenegger,* 357 F. Supp. 2d 1198, 1204 (C.D. Cal. 2004)). A court, however, "may consider a writing referenced in a complaint but not explicitly incorporated therein if the complaint relies on the document and its authenticity is unquestioned." *Id*. (quoting *Parrino v. FHP, Inc*., 146 F.3d 699, 706 (9th Cir. 1998), *superseded by statute on other grounds as stated in Abrego v. Dow Chem. Co.*, 443 F.3d 676 (9th Cir. 2006)).

A *pro se* plaintiff's complaint “must be held to less stringent standards than formal pleadings drafted by lawyers.” *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Thus, the court must construe *pro se* filings liberally. If a plaintiff fails to state a claim, “[l]eave to amend should be granted unless the pleading ‘could not possibly be cured by the allegation of other facts,’ and should be granted more liberally to *pro se* plaintiffs.” *Ramirez v. Galaza*, 334 F.3d 850, 861 (9th Cir. 2003)(quoting

*Lopez v. Smith,* 203 F.3d 1122, 1130 (9th Cir. 2000)).

## DISCUSSION

Plaintiff does not specify the particular Defendants against whom he alleges each of his claims. It appears, however, that Plaintiff seeks relief against Fidelity on the ground that Fidelity breached a duty under the 2010 title-insurance policy issued to Woodstock Financial Corporation. Plaintiff may also intend to assert a claim against Fidelity on the ground that it was, at one time, Trustee of the property.

### I. Plaintiff's claim related to title insurance

Fidelity moves to dismiss Plaintiff's claim against it related to title insurance on the grounds that "no claim was . . . tendered to Fidelity prior to" the filing of this action and Fidelity has not yet denied nor made any decision as to Plaintiff's claim. Plaintiff concedes he did not file a claim with Fidelity until October 18, 2012, and that Fidelity has not denied his claim. Thus, Fidelity contends Plaintiff's claim against Fidelity for alleged breach of the title-insurance policy is not yet ripe, and, therefore, this Court lacks jurisdiction to decide Plaintiff's claim against Fidelity. The Court agrees.

#### A. Standards

"[F]ederal courts are limited to deciding 'cases' and 'controversies.'" Bova v. City of Medford, 564 F.3d 1093, 1095

(9th Cir. 2009)(quoting United States Const. art. III, § 2). "Two components of the Article III case or controversy requirement are standing and ripeness." *Id*. at 1096 (citing *Colwell v. Dep't of Health & Human Servs*., 558 F.3d 1112, 1121 (9th Cir. 2009)). To have standing to bring an action in federal court, "a plaintiff must have suffered an injury in fact that is 'concrete and particularized;' that can be fairly traced to the defendant's action; and that can be redressed by a favorable decision of the court." *Id*. (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992)). "'[S]tanding is primarily concerned with who is a proper party to litigate a particular matter, ripeness[, on the other hand,] addresses when litigation may occur.'" *Id*. (quoting *Lee v. Oregon*, 107 F.3d 1382, 1387 (9th Cir. 1997)). For example, "'[a] claim is not ripe for adjudication if it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all.'" *Id*. (quoting *Texas v. United States*, 523 U.S. 296, 300 (1998)). "That is so because, if the contingent events do not occur, the plaintiff likely will not have suffered an injury that is concrete and particularized enough to establish the first element of standing." *Id*. (citing *Lujan*, 504 U.S. at 560).

The Ninth Circuit has "consistently held that a dispute between an insurer and its insureds over the duties imposed by an insurance contract satisfies Article III's case and controversy

requirement." *See, e.g., Gov't Employees Ins. Co. v. Dizol*, 133 F.3d 1220, 1222 n.2 (9th Cir. 1998)(citing *Am. Nat. Fire Ins. v. Hungerford*, 53 F.3d 1012, 1015–16 (9th Cir. 1995)). An insurance dispute, however, may be insufficiently ripe to qualify as an actual case or controversy.

**B. Analysis**

It is undisputed that Plaintiff did not give Fidelity notice of any claim under the title policy until after this action commenced. It is also undisputed that Fidelity has not denied Plaintiff's claim. Plaintiff, in fact, states in his Response that he is currently supplying documents to Fidelity in support of his claim. In any event, the Ninth Circuit has held claims for failure to pay insurance are not ripe until the insurance company has denied the claim. *See, e.g.*, *Bova*, 564 F.3d at 1096 (court held the plaintiff's claim was not ripe because the "[p]laintiffs' alleged injury - denial of health insurance coverage - has not yet occurred."). Under the circumstances in this case, the Court concludes any claim Plaintiff may have against Fidelity for breach of title insurance is not yet ripe. The Court, therefore, lacks jurisdiction to decide Plaintiff's claim.

Accordingly, the Court grants Fidelity's Motion to Dismiss and dismisses without prejudice Plaintiff's claim for

failure to pay Plaintiff under the title-insurance policy.[3]

**II. Plaintiff's claim against Fidelity as Trustee**

Although it is unclear from the Amended Complaint and Plaintiff's Response to Fidelity's Motion to Dismiss, Plaintiff may also be asserting a claim against Fidelity for its role as Trustee. Specifically, Plaintiff makes several allegations in his Complaint related to issues with the propriety of MERS as a nominee and the transfers of property made involving MERS. As Fidelity points out, however, it ceased to be the Trustee on the property in June 2009, which was before the property was foreclosed, before it was sold at auction to U.S. National Bank, and months before it was sold by U.S. National Bank to Plaintiff.

The Court concludes on this record that Plaintiff fails to state a claim or to allege any plausible injury to Plaintiff caused by Fidelity's position as Trustee of the property before the foreclosure sale. *Iqbal*, 129 S. Ct. at 1949. Accordingly, the Court grants Fidelity's Motion to Dismiss Plaintiff's claim against Fidelity related to its tenure as trustee of the property.

[3] The Court also questions whether Plaintiff has standing to assert a claim under the title-insurance policy because the record reflects the policy was issued to Woodstock Financial. Because the parties did not raise that issue, however, the Court declines to address the question of standing on the sparse current record in this case.

## CONCLUSION

For these reasons, the Court **GRANTS** Defendant Fidelity National Title's Motion (#21) to Dismiss Under FRCP 12(b)(1) and 12(b)(6).

Although the Court dismisses without prejudice Plaintiff's claim against Fidelity for failure to pay under the title-insurance policy, the Court's dismissal of Plaintiff's claim against Fidelity as Trustee is subject to the following: Plaintiff has leave to file an amended complaint to cure the deficiencies as to the claim against Fidelity as Trustee as set out in this Opinion and Order **no later than February 6, 2013.** The Court advises Plaintiff that failure to timely file an amended complaint and to cure those deficiencies shall result in dismissal of that claim with prejudice.

IT IS SO ORDERED.

DATED this 18th day of January, 2013.

/s/ Anna J. Brown

ANNA J. BROWN
United States District Judge